UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald Pitts,           Case No. 3:13-CV-02300

     Plaintiff

v.           MEMORANDUM OPINION
         AND ORDER

J. Bernie Quilter, et al.,

     Defendants

### BACKGROUND AND HISTORY

*Pro se* Plaintiff Ronald Pitts filed this action under 42 U.S.C. § 1983 against Lucas County Common Pleas Court Clerk J. Bernie Quilter, Lucas County Common Pleas Court Visiting Judge W.E. Sumner, and Lucas County Common Pleas Court Judge Frederick H. McDonald. In the Complaint, Plaintiff alleges Defendants wrongfully denied his Motion for Default Judgment, refused to enter default on the docket, and granted summary judgment to the opposing party in a legal malpractice action. He seeks $ 4,500,000.00 in damages.

In 2009, Plaintiff was indicted on one count of abduction, a third degree felony, in violation of Ohio Rev. Code §2905.02(A)(2) and (B). *State v.* Pitts, No. G-4801 CR 200902633 (Lucas Cty Ct. Comm Pl. indict filed Aug. 25 (2009); see *Pitts v. DiLabbio*, No. L–12–1343, 2013 WL 4792820 (Ohio App. 6 Dist. Sept. 6, 2013). Later that year, he entered a no contest plea to the lesser included charge of attempted abduction, a fourth degree felony. *Id.* He was found guilty and sentenced to

five years of community control with the first six months to be served at the Corrections Center of Northwest Ohio. *Id.* He was also ordered to submit to a DNA test and random urinalysis, obtain his GED, maintain employment, and commit no additional offenses. *Id.*

Subsequently on October 24, 2011, Plaintiff filed a legal malpractice complaint against his criminal defense attorney, Larry DiLabbio, claiming DiLabbio negligently advised him to enter a no contest plea to the reduced charge. The case was assigned to Lucas County Common Pleas Court Judge Frederick H. McDonald. DiLabbio filed a request for extension of time to file his Answer and the trial court granted that Motion. DiLabbio filed his Answer on December 30, 2011, after the extension expired. Plaintiff responded with a Motion for Default Judgment on January 6, 2012, claiming DiLabbio's Answer was untimely. Judge McDonald denied his Motion for Default and then recused himself from the case. Visiting Judge W.E. Sumner was assigned in his place. Both parties filed Motions for Summary Judgment, and on November 27, 2012, the court granted DiLabbio's Motion and dismissed Plaintiff's Complaint.

Plaintiff appealed that judgment to the Ohio Sixth District Court of Appeals. He asserted that the trial court did not follow the Ohio Rules of Civil Procedure when it denied his Motion for Default Judgment. He argued that because DiLabbio filed an untimely Answer, the court and the court clerk had no authority to deny his Motion for Default Judgment. The Court of Appeals disagreed stating:

> "[w]here a party pleads before a default is entered, though out of time and without leave, if the answer is good in form and substance, a default should not be entered as long as the answer stands as part of the record." Suki v. Blume, 9 Ohio App.3d 289, 290, 459 N.E.2d 1311 (8th Dist.1983). Since granting a default judgment is analogous to granting a dismissal, it is a harsh remedy that is generally disfavored. Id. When possible, cases should be decided on their merits rather than on procedural grounds. Fowler v. Coleman, 10th Dist. Franklin No. 99AP–319, 1999 WL 1262052 (Dec. 28, 1999); see also Civ.R. 61.

2

*Id* at * 1. He appealed that decision to the Supreme Court of Ohio on October 21, 2013. The Court declined jurisdiction to hear the appeal on January 22, 2014.

## PLAINTIFF'S CAUSES OF ACTION

Plaintiff has now filed this action seeking damages against the Common Pleas Court Judges for denying his Motion for Default and for dismissing his case, and against the Clerk of Court for refusing to record DiLabbio's default. Specifically, he asserts the Clerk had a ministerial duty to enter default when the answer was not filed in a timely manner. He contends the Ohio Rules of Civil Procedure supported his Motion for Default and the Judges were required to grant it. He alleges that was treated unfairly and was held to the same standards as those of an attorney when conducting his case. He asserts that the Judges abused their discretion and denied him due process and equal protection.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's

obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

In conjunction with this standard, I am cognizant that Fed. R. Civ. P. 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. at 93 (*citing Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295-96 (6th Cir 2008).

**ANALYSIS**

First, Plaintiff cannot pursue a civil action against the judges who presided over his malpractice case based on his disagreement with their decisions. As a rule, judicial officers are absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure to potential

4

damages.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.  Plaintiff alleges no facts to show that either of these criteria has been met in this case.

The first exception to immunity occurs when the judge's behavior does not constitute a judicial act.  The determination of whether the behavior in question can be considered a judicial act, depends on the "nature" and "function" of the action, not on the act itself.  *Mireles*, 502 U.S. at  13; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).  Looking first to the "nature" of the act, I must determine whether it is a function generally performed by a judge.  *Stump*, 435 U.S. at 362.  This inquiry does not involve a rigid scrutiny of the particular act in question, but requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges.  *Mireles*, 502 U.S. at  13.  Second, an examination of the "function" of the act alleged requires me to assess whether the parties dealt with the judge in his or her judicial capacity.

Here, Plaintiff's allegations pertain only to actions the judges took while they were presiding over Plaintiff's malpractice action.  Judge McDonald denied Plaintiff's Motion for Default Judgment.  Judge Sumner granted summary judgment against Plaintiff.  Ruling on Motions submitted by parties is a function regularly performed by judges.  Furthermore, Plaintiff only interacted with these judge while they were on the bench or issuing decisions on matters brought before the court.  All of these actions were performed while these Defendants were acting in their judicial capacities.  Plaintiff cannot overcome the broad application of judicial immunity under this criterion.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116.

5

(emphasis added.) When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. *Id.* Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985); *see Barnes*, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. *See Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984).

Plaintiff does not allege facts to suggest the judges rendered decisions outside of the subject matter jurisdiction of the Lucas County Court of Common Pleas. Legal malpractice is a cause of action based on state tort law, which is within the subject matter jurisdiction of the Common Pleas Court. The motions in question in this case are proper requests within a civil action. While Plaintiff alleges the judges made decisions that were contrary to Ohio law, erroneous decisions do not deprive the judges of immunity. *Stump*, 435 U.S. at 356-57. If Plaintiff were correct and the decisions were erroneous, his only recourse would be an appeal to the Ohio Court of Appeals. The Ohio Court of Appeals, however, disagreed with Plaintiff's interpretation of the law, and affirmed the decisions of the trial court judges. The Supreme Court of Ohio declined jurisdiction. The decisions of the judges were within the subject matter jurisdiction of the Lucas County Common Pleas Court. Judge McDonald and Judge Sumner are absolutely immune from suit for the decisions they issued in the malpractice action.

Similarly, court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence

6

of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.*

Plaintiff complains that Quilter and his staff did not defy a court order and record the defendant's default after Judge McDonald denied his motion for default judgment. Recording the opinion of a judge, and complying with court orders denying an entry of default are integral parts of the judicial process and within the subject matter jurisdiction of the Court of Common Pleas. *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing the Sixth Circuit's decision in Foster). J. Bernie Quilter is also entitled to absolute immunity from damages in this action.

Finally, Plaintiff cannot file an action in federal court to relitigate matters that were already decided in state court proceedings. Federal Courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state. 28 U.S.C. § 1738; *Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007); *Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). The underlying basis of Plaintiff's claims is that the trial court judges permitted the defendant to file an untimely answer, and erroneously denied his motion for default judgment while granting summary judgment to the defendant. The merits of Plaintiff's request for default judgment have been addressed by both the Court of Common Pleas and the Ohio Court of Appeals. To determine the preclusive effect these prior state court judgments would have on the present federal action, the Court must apply the law of preclusion of the state in which the prior judgment was rendered. *Migra v. Warren City School District Board of Educ.*, 465 U.S. 75, 81 (1984).

Under Ohio law, the doctrine of *res judicata* dictates that "a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with

them." *Johnson's Island, Inc. v. Bd. of Twp. Trustees*, 69 Ohio St.2d 241, 243 (1982). Application of the doctrine of *res judicata* does not depend on whether the original claim explored all possible theories of relief. *Brown v. Dayton*, 89 Ohio St.3d 245, 248 (2000). Rather, "a valid, final judgment upon the merits of the case bars any subsequent action 'based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995).

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit." *Id*. By contrast, issue preclusion, or collateral estoppel, "precludes the relitigation of an issue that has been actually and necessarily litigated and determined in a prior action." *MetroHealth Med. Ctr. v. Hoffman-LaRoche, Inc.*, 80 Ohio St.3d 212, 217 (1997). Issue preclusion applies when a fact or issue "(1) was actually and directly litigated in the prior action; (2) was passed upon and determined by a court of competent jurisdiction; and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action." *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994).

Here, issue preclusion bars Plaintiff from relitigating the merits of his request for default judgment. The state courts heard Plaintiff's arguments concerning default and determined that the denial of his motion was proper. In order to succeed on his claims in federal court, he would have to allege and prove that he was entitled to default judgment under Ohio law and the Defendants improperly denied his request. This issue was directly litigated in the state trial and appellate court, Plaintiff was a party to that action and was given an opportunity to assert his arguments. He cannot

come into federal court with a civil rights action to relitigate that issue. I must give full faith and credit to the state court judgments.

## CONCLUSION

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude the Defendants are absolutely immune from suit, and Plaintiff's claims are barred by the doctrine of *res judicata*.

Therefore, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                  s/ Jeffrey J. Helmick
                  United States District Judge